UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINETTE L. STRONG, | No. 2:21-cv-00575-AC |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will GRANT plaintiff's motion for summary judgment, and DENY the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I.  PROCEDURAL BACKGROUND

Plaintiff protectively applied for disability insurance benefits and for supplemental security income on October 20, 2017.  Administrative Record ("AR") 312-323.[2]  The disability onset date for both applications was alleged to be October 15, 2017.  AR 312, 322.  The applications were disapproved initially and on reconsideration.  AR 144, 157.  On May 28, 2020, ALJ Shane McGovern presided over the hearing on plaintiff's challenge to the disapprovals.  AR 32-71 (transcript).  Plaintiff appeared with her counsel, Amanda Foss, and testified at the hearing.  AR 32.  Vocational Expert Ashley Bryars also testified.  Id.

On June 30, 2020, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 16-26 (decision), 27-31 (exhibit list).  On October 14, 2020, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 4-5 (decision).

After receiving an extension of time to file (AR 1-2), plaintiff filed this action on March 29, 2021.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 9.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 14 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion), 17 (plaintiff's reply).

II.  FACTUAL BACKGROUND

Plaintiff was born in 1968, and accordingly was 49 years old on the alleged disability onset date, making her a "younger person" age 45-49 under the regulations.  AR 88, 312; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same).  She subsequently changed age category to "person closely approaching advanced age."  20 C.F.R §§ 404.1563(d), 416.963(d) (same).  Plaintiff has a tenth grade education, and can communicate in English.  AR 45, 353.  Plaintiff has a prior work

////

---

[2]  The AR is electronically filed at ECF No. 11 (AR 1 to AR 932).

history as a home healthcare worker, a certified nursing assistant, and as a social services provider from 1990-2017.  AR 362.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

////

2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not

4

disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since October 15, 2017, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.)
>
> 3. [Step 2] The claimant has the following severe impairments: chronic pain syndrome, hypertension, obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except no more than occasional pushing and pulling; no ladders, ropes, or scaffolds; but could on an occasional basis climb ramps and stairs, balance, stoop, crouch, kneel, and crawl; no exposure to moving mechanical parts and unprotected heights; no exposure to excessive vibration; and the claimant must be able to use a cane to travel to and from workstation.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as a social services aid (DOT # 195.367-034, skilled SVP 6, light

> exertional level work per the DOT, but sedentary as actually performed). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 18-26. As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 26.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred at step two by failing to consider her alleged impairment of Post-Traumatic Stress Disorder ("PTSD") (ECF No. 14 at 27-30); by improperly discounting her subjective testimony (id. at 30-34); and by improperly including the need for a cane, rather than a walker, in the RFC (id. at 34-37).

### A.  The ALJ Erred at Step Two

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are

expected to last for a continuous period of twelve months.  Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii).  An ALJ's finding that a claimant is not disabled at step two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment."  Ukolov, 420 F.3d at 1005.

Here, though the ALJ did determine plaintiff had some severe and some non-severe impairments, the ALJ entirely omitted plaintiff's PTSD impairment at step two.  AR 19-20. Plaintiff's history of trauma and a PTSD diagnosis was part of the record and should have been considered.  AR 922-923, 933-937.  Even if ultimately determined to be non-severe, it may still have impacted the RFC and the ultimate finding on disability.  Flores v. Shalala, 49 F.3d 562, 570-571 (An ALJ "may not reject significant probative evidence without explanation."); see also, Croker v. Berryhill, 2017 WL 1179148, at *4 (E.D. Cal. March 30, 2017) (where the ALJ failed to consider significant medical records related to the claimant's impairments at step two, the step two determination was "not supported by substantial evidence" and the error was not harmless); Martin v. Berryhill, 2019 WL 3413475, at *4 (N.D. Cal. July 29, 2019) ("the ALJ's failure to discuss [probative] evidence in making the Step Two determination was reversible error," because when rejecting evidence "the ALJ must, at the very least, provide reasons for doing so."). The ALJ erred at step two by not including an analysis of plaintiff's PTSD impairment.

B.  The ALJ Erred in Rejecting Plaintiff's Subjective Testimony

Evaluating the credibility of a plaintiff's subjective testimony is a two-step process.  First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted).  Objective medical evidence of the pain or fatigue itself is not required.  Id. (internal citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering

"specific, clear and convincing reasons for doing so." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to assure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is not "required to believe every allegation" of disability. Fair v. Brown, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).

Here, the ALJ relied solely on a lack of objective evidence to reject plaintiff's pain testimony. AR 22, 23-25. The ALJ summarized plaintiff's testimony, noting complaints regarding lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, talking, hearing, climbing stairs and seeing. AR 22. The ALJ also noted that plaintiff testified that she needed a walker, could not lift or carry more than five pounds, could walk for twenty feet, and could only sit for 10-15 minutes. Id. The ALJ then rejected plaintiff's testimony, stating, "While there is not a lot of objective evidence from the relevant period, the claimant's consistent treatment for pain and the discussion of her left foot issues during the general examination generally support limiting the claimant to sedentary work. However, the claimant has presented with varying degree of functional ability during physical examinations and there are no x-rays or other imaging in the record that would support further limiting the claimant." AR 25. Providing only this general and unsupported reference to physical examinations, the ALJ concluded that "the objective medical evidence of record demonstrates that the combined effects of the claimant's physical impairments limit her to performing a reduced range of sedentary work activity." AR 25.

While a lack of medical evidence can be one factor in determining the severity of a claimant's pain and its effects, it cannot be the sole factor. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (lack of medical evidence is a factor an ALJ can consider in a credibility analysis, but it cannot be the sole factor). The ALJ did not offer any additional reasons for discounting plaintiff. It was error for the ALJ to discount plaintiff with a generalized reference to the medical record and no other rationale.

////

    C.  <u>The ALJ Incorrectly Limited Plaintiff to Use of a Cane Rather than Walker</u>

The ALJ's residual functional capacity ("RFC") determination includes the limitation that "the claimant must be able to use a cane to travel to and from workstation." AR 21. The ALJ does not explain the basis for the restriction to use of a cane rather than the walker that plaintiff testified she uses (AR 52) and deemed medically necessary by the consultative examiner, Dr. Fernando, whose medical opinion the ALJ found "generally persuasive." AR 25, 772. Indeed, the ALJ acknowledged plaintiff's use of a walker. AR 22, 23, 24, 769-770 ("she used a walker because of her foot problems"), 779. The limitation to a cane, without explanation as to why a cane is listed rather than a walker, is not supported by substantial evidence and is error.

    D.  <u>Error Requires Remand</u>

The undersigned agrees with plaintiff that the ALJ's errors are harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; plaintiff's subjective testimony, her PTSD diagnosis, and a properly supported determination regarding her need for a walker or a cane may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider an impairment at step two, improperly rejected plaintiff's testimony, and failed to support the determination regarding plaintiff's use of an assistive device. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

////

VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is GRANTED; and

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: March 24, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE